UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 04-3179(DSD)
Criminal No. 02-37(1)(DSD/SRN)

United States of America,

Plaintiff,

v. **ORDER**

Jeffery J. Thigpen, a/k/a
Jeffrey Jerome Thigpen,

Defendant.

This matter is before the court upon defendant's motions to modify term of imprisonment, pursuant to 18 U.S.C. § 3582(c), and to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Based upon a review of the file, record and proceedings herein, defendant's motions are denied.

**BACKGROUND**

On January 24, 2002, defendant Jeffrey J. Thigpen was indicted upon twenty-four counts of health care fraud, nineteen counts of false statement relating to health care matters and eleven counts of money laundering. Following trial, defendant was convicted of sixteen fraud counts, seventeen false statement counts and eight money laundering counts. On August 30, 2002, the court sentenced defendant to fifty-one months of imprisonment on each count, all to be served concurrently, followed by three years of supervised release. Defendant appealed his conviction to the United States

Court of Appeals for the Eighth Circuit, and that court affirmed. United States v. Thigpen, 85 Fed. Appx. 541 (8th Cir. 2004) (per curiam). Defendant now moves, inter alia, to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c) and to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

### I. Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2)

Defendant moves to modify his term of imprisonment and claims entitlement to a six-offense-level reduction pursuant to sentencing guideline section 2X3.1. That section prescribes a base offense level for defendants who have been convicted of being an accessory after the fact. See, e.g., 18 U.S.C. § 3 ("Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact."). Defendant was neither charged with nor convicted of being an accessory after the fact. Therefore, guideline section 2X3.1 has no application to his case, and his motion is denied.

### II. Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A)

Defendant makes a separate motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1). That provision

permits the court to reduce a term of imprisonment upon motion of the director of the United States Bureau of Prisons. See 18 U.S.C. § 3582(c)(1)(A). As defendant is not the director of the Bureau of Prisons, the court must deny the motion.

**III. Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255**

Section 2255 provides a person in federal custody a limited opportunity to collaterally challenge the constitutionality, legality or jurisdictional basis of the sentence imposed by the court. See United States v. Addonizio, 442 U.S. 178, 185 (1979). Collateral relief is considered an extraordinary remedy. See Bousley v. United States, 523 U.S. 614, 621 (1998). Defendant's motion raises several claims.

**A. Blakely v. Washington**

Defendant claims that the decision of the Supreme Court of the United States in Blakely v. Washington, 124 S. Ct. 2531 (2004), renders his sentence subject to collateral attack. In Blakely, the Court extended its holding in Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

In Blakely, the Court held that the relevant "statutory maximum" is that which a judge may legally impose "solely on the basis of facts reflected in the jury verdict or admitted by the

defendant." Id. at 2537 (citing Ring v. Arizona, 536 U.S. 584, 602 (2002)). The Court held that the State of Washington's sentencing scheme, which allowed imposition of a sentence above the range specified by guidelines on the basis of facts found by a judge, violated the Sixth Amendment right to trial by jury. See id. at 2538.

Defendant's Blakely claim fails for several reasons. First, it has not been established that Blakely applies to the federal sentencing guidelines. See Blakely, 124 S. Ct. at 2538 n.9. Second, even if Blakely applies to the federal sentencing guidelines, it does not apply retroactively to matters on collateral review.

New constitutional rules of criminal procedure are generally not applicable to cases on collateral review. See Schriro v. Summerlin, 124 S. Ct. 2519, 2522-23 (2004). Only "watershed" procedural rules are given retroactive effect so as to apply to convictions and sentences that have become final. See id. at 2523. A watershed procedural rule is one "without which the likelihood of an accurate conviction is seriously diminished." Teague v. Lane, 489 U.S. 288, 313 (1989).

In Summerlin, the Court considered whether the rule announced in Ring applied retroactively. See Summerlin, 124 S. Ct. at 2526. Like Blakely, Ring applied Apprendi to a state's sentencing procedures. See Ring, 536 U.S. at 603-09. In Ring, the Court

concluded that where Arizona law permitted the death penalty given certain aggravating factors, such factors must be found by a jury, not a judge. See id. at 609. The United States Court of Appeals for the Ninth Circuit later applied Ring retroactively. See Summerlin v. Stewart, 341 F.3d 1082, 1121 (9th Cir. 2003). The circuit court concluded that Ring had announced a substantive, rather than a procedural, rule or, alternatively, a watershed procedural rule. See id. at 1108, 1120.

On review, the Supreme Court disagreed, holding that Ring was not a substantive rule because it did not alter the range of conduct subject to Arizona's death penalty. See Summerlin, 124 S. Ct. at 2523. It further held that Ring was not a watershed rule because it is not clear that judicial fact-finding "so *seriously* diminishe[s] accuracy as to produce an impermissibly large risk of injustice." Id. at 2535 (emphasis in original) (internal quotation marks omitted). Therefore, Ring does not have retroactive application. See id. at 2536. By that reasoning, Apprendi is not a watershed rule either.[1] It follows, then, that Blakely is also procedural, rather than substantive, and that it is not a watershed

[1] Compare United States v. Moss, 252 F.3d 993, 996 (8th Cir. 2001) (holding that Apprendi does not apply to initial § 2255 motions because it is not a watershed rule), with Rodgers v. United States, 229 F.3d 704, 705-06 (8th Cir. 2000) (holding that Apprendi does not apply retroactively to second or successive § 2255 motions unless Supreme Court first so holds).

rule. Therefore, defendant's motion for collateral relief cannot be grounded on that basis.

**B. Ineffective Assistance of Appellate Counsel**

Defendant raises a single claim of ineffective assistance of counsel. To establish a claim of ineffective assistance, defendant must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 694 (1984). First, defendant must show that his counsel's performance was so deficient that it fell below the level of representation guaranteed by the Sixth Amendment. See id. at 687. Second, defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. Thus, to grant defendant's section 2255 motion, the court must find that he likely would have prevailed on the issues had they been properly presented by his attorney. See Kitt v. Clarke, 931 F.2d 1246, 1249 (8th Cir. 1991). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and the court reviews counsel's performance with significant deference. Strickland, 466 U.S. at 689.

Defendant argues that his counsel on direct appeal was ineffective for failing to anticipate the decision of the Supreme Court in Blakely. Counsel's lack of clairvoyance, however, is not the sort of unprofessional error contemplated in Strickland. Wajda v. United States, 64 F.3d 385, 388 (8th Cir. 1995) ("counsel's

performance is not deficient for failing to predict future developments in the law"), quoted in Brown v. United States, 311 F.3d 875, 878 (8th Cir. 2002). In Brown, the Eighth Circuit held that the defendant's appellate counsel was not ineffective for failing to anticipate the Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000). By the same token, this court must reject the argument that counsel was ineffective for not having predicted the Court's extension of Apprendi in Blakely.

**C. Evidence Summaries**

Defendant raises a claim based on summaries of evidence that were admitted at his trial. Defendant alleges that the prosecutor falsely represented to the court that the data which formed the basis for the summaries were made available for defendant's inspection. See Fed. R. Evid. 1006 (requiring that originals or duplicates of materials summarized be made available for examination and copying). For proof, defendant points to a letter he received from Special Assistant United States Attorney Deborah Peterson in response to a request for copies of documents. The letter indicates that Ms. Peterson does not possess "remittance advices" submitted by doctors to Medicaid, which advices correspond to medical transportation services defendant claims to have provided.

As the government points out, however, defendant is mistaken regarding what data were used to compile the summaries received in

evidence at his trial. Paper records were not used. Rather, the government used an electronic "download" of Medicaid computer data. These data were provided to defendant in electronic format on a compact disc. Therefore, because the "remittance advices" were not used to create the summaries received at trial, Rule 1006 of the Federal Rules of Evidence did not require the government to make them available to defendant. Accordingly, defendant's claim for relief fails.

**D. Double Jeopardy**

Defendant argues that his sentence should be vacated on the ground of double jeopardy because his previous prosecution in Ramsey County, Minnesota, District Court was a sham for the instant prosecution. Under the dual sovereignty doctrine, "'[t]here is no double jeopardy bar against prosecution for the same offense in both federal and state courts.'" United States v. Williams, 104 F.3d 213, 216 (8th Cir. 1997) (quoting United States v. Talley, 16 F.3d 972, 974 (8th Cir. 1994)). An exception exists, however, "if 'the state prosecution was a sham and a cover for a federal prosecution, and thereby in essential fact another federal prosecution.'" Id. at 216 (quoting United States v. Garner, 32 F.3d 1305, 1310 (8th Cir. 1994)); Bartkus v. Illinois, 359 U.S. 121, 124 (1959).

Defendant argues that his state prosecution must have been a sham because the state prosecutor, Ms. Peterson, was appointed a

Special Assistant United States Attorney to assist with his federal prosecution. Cooperation between state and federal authorities, however, does not automatically constitute an abuse of the dual sovereignty doctrine. Williams, 104 F.3d at 216. Defendant has failed to point to any evidence that Ms. Peterson or any other state authority manipulated his state prosecution for the purpose of aiding his federal prosecution. Moreover, jeopardy never attached in the state prosecution. Therefore, the court cannot vacate defendant's conviction on double jeopardy grounds.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to modify term of imprisonment [Docket No. 153] is denied.

2. Defendant's motion for new trial [Docket No. 157] is denied.

3. Defendant's motion for motion hearing transcript [Docket No. 159] is denied.

4. Defendant's motion for modification of an imposed term of imprisonment [Docket No. 160] is denied.

5. Defendant's motion for immediate release [Docket No. 164] is denied.

6. Defendant's motion to expedite orders and immediate release [Docket No. 166] is denied.

7. Defendant's motion for release on bond pending resentencing [Docket No. 175] is denied.

8. Defendant's motion to amend his section 2255 motion [Docket Nos. 170 & 171] is granted.

9. Defendant's motion to vacate, set aside or correct sentence, as amended, [Docket Nos. 161 & 165] is denied.

Dated: December 3, 2004

s/David S. Doty
David S. Doty, Judge
United States District Court