UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 04-3179(DSD)
Criminal No. 02-37(1) (DSD/SRN)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>PLAINTIFF/Respondent<br><br>v<br><br>JEFFERY J THIGPEN<br>Petitioner/Defendant. | ) | APPLICATION FOR CERTIFICATE OF APPEALABILITY |

RECEIVED BY MAIL
DEC 23 2004
CLERK US DIST COURT MINNEAPOLIS MN

+ Notice of Appeal

APPLICATION FOR CERTIFICATE OF APPEALABILITY

COMES NOW, Petitioner/Defendant Jeffery J Thigpen proceeding Pro Se hereby request that this Court issue a Certificate of Appealability pursuant to 28 U.S.C § 2253 in the above named case, and in support thereof states of follows:

1. On December 3,2004 this Court issued a Judgement in a Civil Case dnying Petitioner/Defendant's pro se petition to vacate,set aside or correct sentence pursant to 28U.S.C.§2255.

2. Under Rule 11 governing §2255 proceedings,"[t]he time for appeal from an order entered on a motion for relief made pursuant to these rules is as provided in Rule 4(a) of the Federal Rules of Appellate Procedure..."

Under Federal Rule of Appellate Procedure 4(a)," in a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 must be filed with the clerk of the distict court within 30 days after the date of entry of the judgement or order appealed from; but if the United States or an officer or agent agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry"

Petitioner/Defendant filed his timley notice of appeal with this December 15 2004.



SCANNED
DEC 27 2004
U.S. DISTRICT COURT MPLS

5. The new Anti-Terrorism and Death Penalty Act requires the issuance of a certificaite of appealabilty before a petitioner can appeal the final judgement of a district court in a habeaus corpus proceeding under 28 U.S.C § 2254 or §2255.

6. It is unclear, however, whether this Petitinoer/Defendant should apply to the district court or a justice of the circuit court for his certificate of appealability. Under 28 U.S.C. § 2253(c)(1)(B), an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255 unless a circuit justice or judge issues a certificate of appealability. Under Subsection B ("Certificate of Appealabilty") of Federal Rule of Appellate Procedure 22 ("Habeas Corpus and Section 2255 Proceedings"), however:

> ....If an appeal is taken by the applicant, the district judge who rendered the judgement shall either issue a certificate of appealability or state the reasons why such a certificate should not issue. The certificate or the statement shall be forwarded to the court of appeals with the notice of appeal of appeal and the file of the proceeding in the district court. If the district judge has denied the certificate, the applicant for the writ may then then request issuance of the certificate by a circuit judge...If no express request for a certificate is filed, the notice of appeal shall be deemed to constitute a request addressed to the judges of the court of appeals...

F.R.A.P. 22(b). It is unclear whether the a section 2255 petitinoer must first seek a certificate of appealability from the district judge who rendered the judgement in the section 2255 proceeding, before he or she can seek a certificate of appealabilty from a cicuit judge or justice. Accordingly, Petitioner will apply to both the Honorable David Doty of the District of Minnesota and any and all of the Eight Circuit Court of Appeals for a certificate of appealability in this case.

7. Pursuant to §2253, a certificate of appealability may issue"only if the applicant has made a substantial showing of the denial of a constitutinal right." 28U.S.C. §2253(c)(2).

8. Four of the issues in the Petitioner/Defendant's Motion Under28.U.S.C 2255 to Vacate or to set aside, or correct sentence by a Person in Federal Custody meets this requirement.

Petitioner was denied his Sixth Amendment right under the United States Constitution to a trial by Jury, and Ineffective assistance of counsel, and the violation of due process and the Double Jeapordy violation.

The denial of the defendants rigth to a trial by a Jury is the basis fundamental right provided by are forefathers of this great country. The sixth amendment expresses that the right is a gaureentee and also according to Blakley. All enhancments should come of according to the sixth amendmentthis does violate the defendents rights. Blakley clearly expresses this fact that anything that was not presented to the Jury violates that. Clearly before the court right now is Booker,Fan Fan. THe defendant was sentenced in violation of the Blakley rule. The Apprendi court would apply to Mr Thigpen because he was entenced after the ruling in Apprendi. See O'Connors dissent on the question of retroactivety. This violates the defendants right and is a violation of the Sixth Amendment because the court enhanced the defedant 8 points in upward adjustments. Abuse Position of trust Obstruction of Justice and 200,000 dollars in restitution. Clearly the Courts didn't say that this Blakley case did not apply to Apprendi and beyond and it did not say that it was a procedural. Clearly this does diminish the likley hood of a conviction because no conviction can be final according to Blakley and the Constitution. These enhancments are not a New Rule but a Old one under Apprendi and should be applied. This is a serious Constitutional issue.

The defendant was also violated on his Sixth amendment right when the Counsel appointed did not order the hearing transcript. This is a direct violation of the Sixth amendment. The defendant and the Court is aware that the hearing transcript has never been given to the defendant docket # 159. How could he present the issues if he didn't order the transcripts such as Duplicity, Multiplicity, and Brady issues before the court See Griffin v Illinios, 351 U.S 12, 76 S Ct.585, 100 L.Ed 891(1956). The defendant was

intitled to his Court trial transcripts as Mr. Thigpen is also intitled to the his trial records to assit him in his civil proceedings. See 136 L Ed 2d 935( Indigent's Federal constitutional right to maintain judicail proceedings as to cicil matters without prepayment of costs or fees---Supreme Court cases.See also Britt v State OF NORTH CARLONIA 404 US 226, 30 LEd 2d 400,92 S Ct 431.**Constitutional Law Under the principle that as a matter of equal protection, a state must provide an indigent defendant in a criminal procedding with a transcript of prior proceedning when the transcript is needed for an effective defense or appeal.** See also United States v Acosta 495 F2d 60. The motion hearing transcript will help in proving the summarie Evidence rule 1006 has not been turned over but without that I can't proceed this is also a violation of due process. The **Double Jeapordy** violation is infact a violation af the Constitution. This honorable Court uses Williams, 104 F.3d at216 which states cooperation this was more than cooperation see Appointment letter the facts are before this Court. The Federal Government got two bites at the apple. Clearly in Williams it was cooperation of different prosecutors but in this case the same attorney Peterson directed both trials this is a totally different case than that the Federal Government can't prosecute in two soviergns it violates the Bartkus rule raley seen but the Appointment letter is proof of the Federal Government Controlling the prosecution. Ms. Peterson was a Federal Prosecutor see appointment letter .

Because the sentencing of the PSR has been adopted to the defendant the enhancements on its face are a sixth Amendment violation. The faluire to provide transcript is a violation of the 5th Amendment to proceed in his civil appeal. The prosecution by the Federal Government in two Soviergns is a violation of Double Jepordy. Counsel was ineffective because he failed to order transcript. WEREFORE, for the above stated reasons, Petitioner believes that he has made a substantail showing of the denial of Constitutinoal rights and respectfully requests that this COurt issue him a certificate of appealability pursuant to 28 U.S.C §2253.

Respectfully submitted

Jeff Thigpen

December 15, 2004