UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CR-02-37DSD/SRN

RECEIVED
BY U.S. MAIL

UNITED STATES OF AMERICA,
PLAINTIFF,

v

JEFFERY J THIGPEN,
DEFENDANT,

MOTION FOR A NEW TRIAL NEWLEY DISCOVERED EVIDENCE UNDER RULE ##33

U.S. DIST COURT
MINNEAPOLIS, MN

NEWLY DISCOVERED EVIDECNCE

Here Comes Jeffery J Thigpen before this honorable court. The defendant moves this court under Rule 33 of Federal Procedure which states any motion for a new trial grounded on newly discovered evedence must be filed within three years after the verdict or finding of guilt. The defendant was found guilty on April 24,2002 in this honorable Court. The defendant then appealed to the Eight Circuit Court of Appeals Court that was affirmed on December 23,2003 UNITED STATES v THIGPEN, 85 FED. APPX 541(8th Cir. 2004 (PER CURIAM) Rehearing EnBanc was not Affirmed until March 14,2004. Thigpen meets the time limit filing which is 3 years after the verdict or the finding of guilt. See UNITED STATES v REYES 49 F3d 63,66(2nd CIr1995) It is less clear whether that action is the Appellate court's judgment or the issuance of its mandate. In Reyes the Court Conluded that it was the Latter event. Thigpen Date began to run in this period on December23, 2003. Thigpen time experation is December 23,2006.

UNITED STATE v BROWN 108 F3d 863

In this case in which this honorable Court David S Doty presised and the Eight Circuit COurt of Appeals Affirmed your Opinion for a New Trial. Trial are identically alike. Both trial consist of Medidaid funds and both defendants were found guilty. Extrinsic information was given to the Jury for consideration. This Honorable Court Stated on the record that Exhibit number 4 was not going to go back to the Jury for there condideration this honorable Court advised the Jury through the Jury instructions that they were not to consider any evidence that was not entered into evidence. This clealry happend see Jury Verdict sheet

SCANNED
OCT 20 2005
U.S. DISTRICT COURT ST. PAUL

the reason that we found the defendant Jeffery J Thigpen Guilty was Exhibit #4. This is a clear violation of your orders given to the prosecuting Attorney. As you know Defendant Thigpen went home at the time of deliberations and was not present. Exhibit number 4 was taken form the Defense and given to the Jury which is a violation of a court order. SEe MAERCKS v BIRCHANSKY (FLA AppD3) 549 So 2d 199, 14 FLW 1533 (referring to counse'ls action displaying to the jury a plasctic filled bags with canceled checks when those checks had been excluded from evidence). Todd V LIT BROS 381 Pa 109 112 A2d 810 State v Amundsen, 37 Wash 2d 356 223 Pd 1067 21 ALR@D 1082. See UNITED STATES v Bruscino 891 f2d 1308, 1333(7th Cir 1989). Which states a Criminal defendant has the right to be tried on the basis of the evidence admitted at his rial and this may be violated if the jury gets access to evidence even in the event that any extra prosecutorail misconduct has happened. This right was violated. Thigpen just recievied the trial transcripts from the prison and just arrived at this evidence. This is not his fault. Due to the Fact that the Appellate attorney was ennefective as filed in Thigpen 2255 motion. The Appellate Attorney Should have seen this this is not a minor error this is a violation as in UNITED STATES v BROWN. THe only funny thing in this matter was when the Appellate Attorney Called My case manager and ask could he go by my house and retrieve the Disc this raised questions, The Attorney was welll aware that you had suppressed that exhibit and did not bring this issue up. As you are well aware of the finacail condition of the defendant. He is still unable to get all of the transcripts because of finacail inablity. THis is new because the defendant has just now found out that Somebody or the prosecution accedentlly or purposlly put that exhibit in the jurys presence. In any means it violated your order. The defendant was not able to object to the Jury getting extra evidence because he was not there. The defendant did not waive his right for a New trial see UNITED STATES v Olano 123 L ED2d 508(1993) Waiver is the intentinoal relinquishment or abandonment of a known right'. This has just been known to Thigpen.In your order Jan 11,1996 you state that Jury misconduct known to defendant or counsel that is not called to attention of court before return

of verdict cannot be grounds for a New Trial. The defendant never knew about this. See defendant application for a 2255 in the Appellate Court when the attorney general states that Thigpen knew about it and did not object. How could he when he was not present. Which infact the Attorney General is not con deny that it happened but is saying that it is simply not timley. Which in fact constitutes New evidence that has just been brought to light in the terms that what ever is done in the dark shall come to the light. In your order also you define this as a misscarrage of justiceBROWN simimilary under Federal rule 33 defendant moves for a new trial asserting that the evidence wieghs heavily enough against the verdict that a miscarriage of justice may have occurred UNITED STATES v BROWN 956 F2d 782 786 (8th Cir 1992). THis exhibit that you suppressed and stated that this is not going to go back to the Jury. which in fact did. To overturn a verdict based on jury misconduct you must prove sufficent evidence to prove grounds recognized as adequate to overtun the Verdict UNITED STATES v KRALL 835 F2d 711,715 (8th Cir 1997)" THe touchstone of a decision is not the mere fact of infiltration of some molecules of extra- record matter of what has been infiltrated is prejeduce. UNITED STATES v ESTRADA 45 F3d 1215, 1225 (8th Cir1995) vacated. Thigpen case that had the disc that had been suppressed had voulumes of documents on it and the Specail Verdict sheets declares that this is not harmless error but in fact it is a substatail violation. It doesn't matter how this happened but in fact the government knew that this was not supposed to be given into the deleberations. This taints the Jury and eliminates Cossexamination in cases suuch as REMMER and UNITED STATES v CHEYENNE 855 F2d 566, 568, (8th Cir1988). See UNITED STATES v Delaney 732 F 2d 639,642(8th Cir1984) states that if the information effected one jouror in this case it affected all 12 jourors See Verdict sheet. This is a misscarraige of justice and should not stand under this circuits ruling that this court ordered in BROWN New trial may be warranted when criminal defendant may have been deprived of Sixth Amendment right to tial by impartial jury.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CR-02-37DSD/SRN

RECEIVED BY U.S. MAIL
U.S. DIST COURT MINNEAPOLIS, MN

UNITED STATES OF AMERICA, PLAINTIFF,

v

JEFFERY J THIGPEN, DEFENDANT,

MOTION FOR A NEW TRIAL NEWLEY DISCOVERED EVIDENCE UNDER RULE ##33

NEWLY DISCOVERED EVIDECNCE

Here Comes Jeffery J Thigpen before this honorable court. The defendant moves this court under Rule 33 of Federal Procedure which states any motion for a new trial grounded on newly discovered evedence must be filed within three years after the verdict or finding of guilt. The defendant was found guilty on April 24,2002 in this honorable Court. The defendant then appealed to the Eight Circuit Court of Appeals Court that was affirmed on December 23,2003 UNITED STATES v THIGPEN, 85 FED. APPX 541(8th Cir. 2004 (PER CURIAM) Rehearing EnBanc was not Affirmed until March 14,2004. Thigpen meets the time limit filing which is 3 years after the verdict or the finding of guilt. See UNITED STATES v REYES 49 F3d 63,66(2nd CIr1995) It is less clear whether that action is the Appellate court's judgment or the issuance of its mandate. In Reyes the Court Conluded that it was the Latter event. Thigpen Date began to run in this period on December23, 2003. Thigpen time experation is December 23,2006.

UNITED STATE v BROWN 108 F3d 863

In this case in which this honorable Court David S Doty presised and the Eight Circuit COurt of Appeals Affirmed your Opinion for a New Trial. Trial are identically alike. Both trial consist of Medidaid funds and both defendants were found guilty. Extrinsic information was given to the Jury for consideration. This Honorable Court Stated on the record that Exhibit number 4 was not going to go back to the Jury for there condideration this honorable Court advised the Jury through the Jury instructions that they were not to consider any evidence that was not entered into evidence. This clealry happend see Jury Verdict sheet

the reason that we found the defendant Jeffery J Thigpen Guilty was Exhibit #4. This is a clear violation of your orders given to the prosecuting Attorney. As you know Defendant Thigpen went home at the time of deliberations and was not present. Exhibit number 4 was taken form the Defense and given to the Jury which is a violation of a court order. SEe MAERCKS v BIRCHANSKY (FLA AppD3) 549 So 2d 199, 14 FLW 1533 (referring to counse'ls action displaying to the jury a plasctic filled bags with canceled checks when those checks had been excluded from evidence). Todd V LIT BROS 381 Pa 109 112 A2d 810 State v Amundsen, 37 Wash 2d 356 223 Pd 1067 21 ALR@D 1082. See UNITED STATES v Bruscino 891 f2d 1308, 1333(7th Cir 1989). Which states a Criminal defendant has the right to be tried on the basis of the evidence admitted at his rial and this may be violated if the jury gets access to evidence even in the event that any extra prosecutorail misconduct has happened. This right was violated. Thigpen just recievied the trial transcripts from the prison and just arrived at this evidence. This is not his fault. Due to the Fact that the Appellate attorney was ennefective as filed in Thigpen 2255 motion. The Appellate Attorney Should have seen this this is not a minor error this is a violation as in UNITED STATES v BROWN. THe only funny thing in this matter was when the Appellate Attorney Called My case manager and ask could he go by my house and retrieve the Disc this raised questions, The Attorney was welll aware that you had suppressed that exhibit and did not bring this issue up. As you are well aware of the finacail condition of the defendant. He is still unable to get all of the transcripts because of finacail inablity. THis is new because the defendant has just now found out that Somebody or the prosecution accedentlly or purposlly put that exhibit in the jurys presence. In any means it violated your order. The defendant was not able to object to the Jury getting extra evidence because he was not there. The defendant did not waive his right for a New trial see UNITED STATES v Olano 123 L ED2d 508(1993) Waiver is the intentinoal relinquishment or abandonment of a known right'. This has just been known to Thigpen.In your order Jan 11,1996 you state that Jury misconduct known to defendant or counsel that is not called to attention of court before return

of verdict cannot be grounds for a New Trial. The defendant never knew about this. See defendant application for a 2255 in the Appellate Court when the attorney general states that Thigpen knew about it and did not object. How could he when he was not present. Which infact the Attorney General is not con deny that it happened but is saying that it is simply not timley. Which in fact constitutes New evidence that has just been brought to light in the terms that what ever is done in the dark shall come to the light. In your order also you define this as a misscarrage of justiceBROWN simimilary under Federal rule 33 defendant moves for a new trial asserting that the evidence wieghs heavily enough against the verdict that a miscarriage of justice may have occurred UNITED STATES v BROWN 956 F2d 782 786 (8th Cir 1992). THis exhibit that you suppressed and stated that this is not going to go back to the Jury. which in fact did. To overturn a verdict based on jury misconduct you must prove sufficent evidence to prove grounds recognized as adequate to overtun the Verdict UNITED STATES v KRALL 835 F2d 711,715 (8th Cir 1997)" THe touchstone of a decision is not the mere fact of infiltration of some molecules of extra- record matter of what has been infiltrated is prejeduce. UNITED STATES v ESTRADA 45 F3d 1215, 1225 (8th Cir1995) vacated. Thigpen case that had the disc that had been suppressed had voulumes of documents on it and the Specail Verdict sheets declares that this is not harmless error but in fact it is a substatail violation. It doesn't matter how this happened but in fact the government knew that this was not supposed to be given into the deleberations. This taints the Jury and eliminates Cossexamination in cases suuch as REMMER and UNITED STATES v CHEYENNE 855 F2d 566, 568, (8th Cir1988). See UNITED STATES v Delaney 732 F 2d 639,642(8th Cir1984) states that if the information effected one jouror in this case it affected all 12 jourors See Verdict sheet. This is a misscarraige of justice and should not stand under this circuits ruling that this court ordered in BROWN New trial may be warranted when criminal defendant may have been deprived of Sixth Amendment right to tial by impartial jury.

See UNITED STATES v HALL 85 F3d 367 (8th Cir1996) in which it stated that trial court may grant New Trial based on taint of one single juror. In UNITED STATES v LEVY-CORDERO, 156F3d F3d 244(1st Cir 1998) New trial must be ordered whenever substaintial rights are affected by error at criminal rial and the government cannot prove harmlessness beyond a reasonable doubt. Motion for a new trial must be granted if the trial was not fair for the moving party. UNITED STATES v GREER223F3d 41 (2nd Cir 2000). In Honer v United States 225 F3d 549(5th Cir A new trial was granted when prejudicail evidencehad subtantail impact on verdict in view of the whole trial record. See ESLAMINA v WHITE 136 F3d 1234(9th Cir 1998) Jury exposure to facts not in evidence deprives defendant of rights of confrintation. In BENJAMIN v FISCHER 248 F Supp 251,252 it defines the Substatail error in this case. The Prosecution here states that they Subsituted a clean copy of Exhibit #4 which this Court and every court knows that there cant be to Exhibits whi with the same Number unless it is $ 4a,4b ect. The prosecution in the case ate bar in trial trancsript dated April 15,2002 page 217 Voulume II this honorable Court admits that actually this is a different number which should have been #number 5. This honorable Court errors in offering the exhibit instead of letting the defendant or the prosecution do it seeTHIGPEN STatement that he is goning back to the formal one. In BENJAMIN v Fischer the Court does it in the proper fashion See page 255 MR. GAY[the prosecutor Judge the only objection that I have is that there are some things underlined onthe report. I have a clean copy if that would be sufficent. Ms ONOFRIO defense counsel thats fine. We can have it **REMARKED AS DEFENDANTS EXHIBIT B IN EVIDENCE)**. In Thigpens case the Exhibit #5 never was remarked and never entered into evidence. You can never find these words (Defense Exhibit Number 5 or number 4 Entered into evidence remember number 4 was taken out because the prosecution had a problem with modification times and dates. Letting the Court know that these Exhibits are totally different. Which in fact would have to be marked all over again as in BENJAMIN v FISHER the Court cant Subsitute exhibits if they are totally different. Ms. Hunter one minute says this is here disc and then says this disc is totally different.

In UNITED STATES v ANGELILLI 660 F2d 23 it was harmless error to give a copy af a cassette recording to a jury because the defendant had pointed out no significant differance. Here in this case Thigpen points out that the disc has been out of the office at various times in the moring as the court is aware. There is nothing wrong with(1) subsituting a clean copy of the same thing. (2) Remark the Exhibit and (3) have it entered into evidence with proper foundations and ojections. This never happend in this honorable Court. In the American Jurisprudance the recommendation is A rejected exhibit should be given to the Court reporter for inclusion in the trial record the exhibit will not be circulated among the jurors or taken into the jury room but will be retained for the record for appeal. Carson Successuful Techniques for Civivl trial(1983)§3:34. The prosecution knew about the Exhibit not being entered into evidence. Clearly when it brings Exhibit #71 on the examination of John Hauss. This honorable Court why is this being introduced at this time. This court does not let Exhibit #71 go back to the Jury only to be used as demonstative purposes. In this cse clearly the Pro Se defendants rights where violated when in fact the prosecution knew that number 4 never got entered into evidence well knew that this exhibit was not supposed to go back to the jury. The Jury can only make chodces by what is in front of them. Who ever was in charge of those exhibits accedentally gave it to the jury I am asuming and dont't want to charge somebody of something that I dont know byt for sure the prosecution knew that it had never been entered into evidence. It is customnary in Courts to have the exhibits marked before trial. Not springing evidence on the defendant. Clearly to have a misscarraige og Justice in this case is what happened here.Evidence that was never entered in which the whole case and indictment was drawn up on was failed to be entered into evidence. This incarceration is unjust and violates the integrity of this Honorable Court who I thought first to be a unfair Judge But through recent discoveries through inmates you have a reputation of being a fair Judge I just cant understand why this has not happened in my case. On April 22,2001 Mark Sauer a Staff writer stated that this court on the case of Nunn you wrote a letter that the sentencing letter was harsh

in other words guideline and if you had you way that she would have been free years ago. And the reconmendation you gave for Kim Willis. Mr. Thigpen is Preacher of the Gospel of Jesus Christ and is pleading with this honorable Court who still has faith in God in and in the Justice system. That this honorable Court would consider the facts before. This Court has evidence that the Disc was never entered into evidence and I am sure that this is leaving a Bad taste in the prosecutions mouth to be professonail attorneys with good reputation as Mr. Whilehelm has thoughout the community. In the Department of Justice Ethis for attorney when a prosecutor knows that some evidence or information would exonorate a defendant and witholds that evidence. He is violating his ethics as an attorney. Every party knows in this case that I am not an attorney and don't know really much about law. But I have faith in Gpd to be a Deliver. I plead with this honorable court to ask itself the question if the defendant was guilty why would somebody put evidence that had not been admitted into evidence that was never was. All because the defendant was Pro SE thats not fair. When this honorable Court ask me to do anything according to this court rules I did it but it is just not fair to keep me in the Prison when I know for a fact that I did not get a fair trial now that is a denial of due process. As you stated on the record that you gave me great latitude as a lawyer. But the prosecution cant violate an order given by you. THe sad thing of the matter is that Mr. Whilelm was not here and Ms. Peterson was left in charge of the Exhibits the same prosecutor that dissmissed the case in the state. No court in this country could have a clear concious about what has taken place. WE have at the Prison camp Officer Swartz who stuck a plunger up a african buttocks. I am sure that you are famair with the case. That case was thrown out because the Jury recievied information that was not in the record. It doesn't matter what the crime is . Lady Justice only looks at if the scale had been tipped clealy this is out of balance a conviction on evidence that never got entered into evidence and doesn't even have an exhibit number. I pray that this honorable court would vacate this conviction and release the defendant

from Duluth Federal Prison Camp and Grant A New trial Rekeasing the defendant on bond.

RESPECTFULLY SUBMITTED
OCTORBER18,2006
#10323-041
JEFFERY J THIGPEN
P.OB OX BOX 1000
DULUTH MN 55814