HEIDI HUNTER,
called as a witness,
after previously having been first duly sworn,
was examined and testified as follows:

DIRECT EXAMINATION

BY MS. PETERSON:

Q. Miss Hunter, I'm showing you what has been marked as government's exhibit 71. Are you familiar with this?

A. Yes.

Q. And what is it?

A. It's the disk that I got from SIRS containing the file Rebuilt New Life as warrant date dot text.

Q. And has this disk been in your possession since you got it from SIRS?

A. Yes.

MS. PETERSON: I would offer exhibit 71.

THE DEFENDANT: Well, I'll object. I've never seen this before. I've never seen it.

THE COURT: Why is this being offered at this time?

MS. PETERSON: Because Miss Hunter used this disk to make defendant's exhibit number 4, and we would like to use this disk, the original disk



EXHIBIT 1A

SCANNED
OCT 24 2005
U.S. DISTRICT COURT ST. PAUL

that she got, to provide a demonstration as to the time, Your Honor.

THE COURT: The time shown on 4?

MS. PETERSON: Yes.

THE COURT: So at sidebar you were mentioning that what you wanted to do was to show why the numbers on 4 seemed -- are in the form that they are, and that's the only reason you're going to introduce this particular exhibit?

MS. PETERSON: Yes, Your Honor.

THE COURT: All right. Well, for the limited purpose of the demonstration, I'm going to receive government exhibit 71, I guess. Is it 71 that you marked?

MS. PETERSON: Yes, Your Honor.

THE DEFENDANT: Is this going to be entered into evidence?

THE COURT: I'm sorry?

THE DEFENDANT: Is this going to be offered into evidence?

THE COURT: It's only for the limited purpose of the demonstration, not into evidence, it won't go to the jury.

THE DEFENDANT: I've never seen it before.

BY MS. PETERSON:

Q. Miss Hunter, government's exhibit 71 was used to make defendant's exhibit 4?

A. The file on exhibit 71 is one of the files on defendant's exhibit 4.

Q. And which file is it?

A. As I said, it's Rebuilt New Life With Warrant Date Dot Text File.

MS. PETERSON: No further questions.

THE COURT: Do you have any questions, Mr. Thigpen?

THE DEFENDANT: I haven't seen it. I have a question, but I've never seen it. I didn't understand what just happened. Is she going to use it for --

THE COURT: Well, what's happened is that -- and I'll just put it back, because you've asked questions about those times on the rebuilt file, one that shows on the disk, you know, that you showed the jury a number of times, and you showed them the disk and there's a rebuilt file? Do you remember that --

THE DEFENDANT: Yes.

THE COURT: -- on exhibit number 4? And what has just been introduced, as I understand it, is the file that is contained on -- the disk that's

now number 71 is the rebuilt file on exhibit number 4.

THE DEFENDANT: I mean, is there any way I could look at it, Your Honor, because --

THE COURT: Well, you can look at the disk, but I don't think that's going to help you very much, because you're going to have to look at it on a computer to know for sure what that is, but I'm going to --

MR. WILHELM: I don't think the jury is going to have this. I think Mr. Thigpen thinks the jury is going to get this back to the jury room, Your Honor.

THE COURT: No, it's not going there. The jury is not going to see number 71 at all, except as it sees it in some sort of demonstration that was -- that we discussed at sidebar.

THE DEFENDANT: Okay. I want to cross.

THE COURT: What are you going to do?

THE DEFENDANT: Something that she just answered to. I mean, she just answered to something that that was her disk, and I just wanted to --

THE COURT: Go ahead, cross-examine. I'm sorry.

THE DEFENDANT: Cross-examine, that's what

A. Do you want it showing on this machine?

BY THE DEFENDANT:

Q. The one that will say 4:41. That would be that one right there.

A. But this is your CD, though. I don't know --

Q. It's not my CD.

A. The one that would show 4:41 on exhibit 71 would be that machine.

Q. Well, I'm talking about that one. It's the same disk.

THE COURT: What do we have? Mr. Thigpen, do you have defense exhibit 4?

THE DEFENDANT: Yes.

THE COURT: Is that what you're dealing with?

THE DEFENDANT: Yes.

THE COURT: Is that what you have here, and you're going to have this particular witness put it on the machine?

THE DEFENDANT: Yes.

THE COURT: All right.

MR. WILHELM: I think I can assist him, Your Honor.

THE COURT: Why don't you go ahead, Mr.



EXHIBIT #1B

Wilhelm, if you would.

Mr. Wilhelm, I don't know if you're more adept or not.

MR. WILHELM: I'm afraid not, Your Honor.

THE COURT: Do you want the court to go down there and try to do it? I mean, that would really be desperation.

MR. WILHELM: I think we've solved the problem.

THE COURT: Is the computer on?

A. The screen went blank when the cover was shut. I don't know.

THE COURT: I think it probably timed out. Is it on?

MR. WILHELM: If I may, Your Honor, we have a technician in the audience, she can come up and --

THE COURT: In the meantime, I'm going to deal with -- I suspect by doing that shifting, that we've also shifted the box program, so going to have to do that, too.

Now we have nothing. There we go.

BY THE DEFENDANT:

Q. Does that say 4:41 a.m.?

A. Yes, it does.

THE DEFENDANT: Your Honor, if he could

load this one that has been given to me, defendant's exhibit 4?

THE COURT: Well, I thought that's what just got loaded.

THE DEFENDANT: Yeah, it is. So it's a copy of mine.

MR. WILHELM: Well, that's not in evidence.

THE DEFENDANT: It is in evidence, right here, the one that was copied with the data right here, that you said last week that had the writing on it. It's the same one. There's no difference.

THE COURT: Mr. Thigpen, we had this discussion up at the sidebar, so I'm going to -- overruled.

You have a copy of exhibit 4. It is not evidence. It's a copy of evidence, and it's furnished for your convenience and your use. But evidence, and as the jury knows and as you should know by now, is what's going to go to the jury room. That copy --

THE DEFENDANT: But there's --

THE COURT: Just a second. That copy is not going to go to the jury room, and therefore, I'm not going to let the jury see it.

THE DEFENDANT: Well, if that's the case,

Your Honor, this was an exhibit that was written on. This is their copy.

THE COURT: Just a second. We had this discussion up at the sidebar, so why don't you just move on, please.

THE DEFENDANT: Well, can we have another sidebar?

THE COURT: Not about this. We've had --

THE DEFENDANT: I don't understand how I could have evidence that gets taken away from me. I don't understand that.

THE COURT: No, no, you haven't. The evidence --

THE DEFENDANT: Well, if it's a copy of the same thing, I don't understand.

THE COURT: Why don't we just move on, Mr. Thigpen. I've explained it to you. I think the jury understands it.

THE DEFENDANT: Well, can I get a copy of the transcript of last week? I need a copy of the transcript, because it has the particular time that was on there. That will clarify the record that it was 3:41 that is on this disk. This disk has been changed and altered again.

THE COURT: Well, if you look at this one

it says 4:41, and I think that's what everybody has been testifying to.

THE DEFENDANT: No, it's 3:41 on the record.

THE COURT: Well, Mr. Thigpen, we're not going to --

THE DEFENDANT: That disk is a disk that has been changed and has been altered, and because of that, that means that the evidence has been tampered with, and I'm not -- that's not right.

THE COURT: Mr. Thigpen, let's move on.

THE DEFENDANT: It's not.

THE COURT: Let's move on, please. And if you're going to make charges like that, you're going to have another problem. But let's just move on, please. The jury has seen --

THE DEFENDANT: Can I have a sidebar about the transcript?

THE COURT: Would you let me finish? The jury has seen the evidence, and it is the jury's obligation to determine who's telling the truth and who isn't, what evidence to believe and whatnot, and they will make that determination, I know, based on what they've seen and heard.

Now, let's go ahead.

THE DEFENDANT: Okay, you can be seated.

I would like to have a sidebar about something.

THE COURT: Okay, come on up.

(Sidebar.)

THE DEFENDANT: I want to talk about the transcripts. I would like a continuance with this witness, and I know what the particular thing is and time, if I could get a copy of the transcript.

THE COURT: That's denied.

THE DEFENDANT: On what grounds?

THE COURT: On what grounds? Because it's denied. The jury will understand, and that's what I was trying to tell you, Mr. Thigpen. The jury has heard. They know what the evidence is. They will decide based on what they know. You don't have to have a transcript at this point other than to cross-examine this witness, and he doesn't know what happened back days ago. All he knows is what he's testified to this morning. So therefore, it's irrelevant, and I'm going to deny your request.

THE DEFENDANT: I mean, Your Honor, I just don't understand how is this justice? They changed the disk four times. I don't understand it.

THE COURT: I don't understand what you're

saying.

THE DEFENDANT: They have altered the disk four times.

THE COURT: I don't believe so.

THE DEFENDANT: They have. I mean, what is the disk that I have? That disk was locked up over the weekend. I didn't even take the disk home.

THE COURT: Mr. Thigpen, I don't know what --

THE DEFENDANT: Where's my copy of the disk? Can I get a copy?

THE COURT: Which disk are you talking about?

THE DEFENDANT: The one that they have there.

THE COURT: I'm afraid to say this, but I think you're very confused about what you're talking about.

THE DEFENDANT: I'm not confused. I know totally what's going on.

THE COURT: But I think you're confused about a lot of things about disks and so forth. I don't think there's been anything made but a copy given to you.

THE DEFENDANT: So what's wrong with me

using my copy?

THE COURT: You got a copy.

THE DEFENDANT: What's wrong with me using my copy?

THE COURT: You can use your copy, but you can't let the jury see it because it's not evidence. That's what I told you.

EXHIBIT 4

THE DEFENDANT: Well, they're not the ones who get the exhibit for the evidence. I don't understand.

THE COURT: What you introduced as defendant's exhibit number 4 is the copy that Mr. Wilhelm handed to you a number of days ago. That is now in evidence, and it is evidence. That's what the jury has seen over and over again and will take to the jury room. Copies of exhibit number 4 are not evidence. You have one of those. Actually, I think you have two of those, but --

THE DEFENDANT: Well, that's what I'm telling you, if this --

THE COURT: But you cannot -- just a second. You cannot use those to show to the jury. You can look at them yourself if you want to.

THE DEFENDANT: Yeah, I need time to look at that. That's a different disk. That's a totally

different disk. And it's not fair. Even if it comes up on appeal, that's not justice, that's not fair. I mean, I don't understand. How can you let someone change a disk three times? It is the same disk that I got. I don't understand that.

THE COURT: I don't think they have changed it three times.

THE DEFENDANT: They have.

THE COURT: Well, I'm just telling you I don't think so because I've been sitting through this whole trial. But I know your thoughts. But the point is, I'm not going to let you delay the trial by having a continuance. Let's go ahead.

What else do you have at the sidebar?

Mr. Wilhelm, do you have any more witnesses or anything else you have today?

MR. WILHELM: No, I don't.

THE COURT: So you're going to rest again?

MR. WILHELM: Yes.

THE COURT: Okay.

THE DEFENDANT: Yeah, I just don't understand how I can't get a copy of the disk, that you can let this go on.

THE COURT: You have a copy of the disk.

THE DEFENDANT: Well, what's wrong with me

using my copy?

THE COURT: You can use your copy for anything you want to, except you can't show it to the jury.

THE DEFENDANT: Why?

THE COURT: Because it's not evidence.

THE DEFENDANT: It is evidence.

THE COURT: Sorry.

THE DEFENDANT: Defendant's exhibit is not evidence on the record?

THE COURT: Defendant's exhibit is evidence.

THE DEFENDANT: Well, how should my copy be different from their copy?

THE COURT: It is not.

THE DEFENDANT: Well, if it can't be shown to the jury, how about to him?

THE COURT: Well, he can look at it.

THE DEFENDANT: Okay.

THE COURT: But, you know, this is going to be so that the jury cannot see it.

THE DEFENDANT: As long as he can see it.

THE COURT: That's fine.

(In open court.)

BY THE DEFENDANT: